United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40177
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MARIANO DEL CID-MENDEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1780-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Mariano Del Cid-Mendez appeals his conviction and sentence

for illegal reentry.  Del Cid challenges the constitutionality of

8 U.S.C. § 1326(b)(1), (2) and, additionally, the district

court's application of the mandatory Sentencing Guidelines.

     Del Cid's constitutional challenge is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Del Cid contends that Almendarez-Torres was incorrectly

decided and that a majority of the Supreme Court would overrule

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Del Cid properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Del Cid also contends that the district court erred in sentencing him pursuant to the mandatory Guidelines regime held unconstitutional in United States v. Booker, 125 S. Ct. 738, 764-65 (2005). The Government concedes that Del Cid has preserved this issue on appeal. The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). Thus, Del Cid's sentence is VACATED, and the case is REMANDED for further proceedings. See id. at 466.